UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICKY LEE COOK                        ]
    Plaintiff,                         ]
                                       ]
v.                                     ]        No. 3:10-0505
                                       ]        Judge Echols
JAMES HUNTER (JUDGE), et al.           ]
    Defendants.                        ]

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against James Hunter, a General Sessions Judge in Sumner County; Dee David Gay, a Criminal Court Judge in Sumner County; and William Lamberth, a Sumner County prosecutor; seeking damages.

The plaintiff claims that the defendants have falsely imprisoned him and have prevented his release from custody by setting excessive bail.

Judges enjoy absolute immunity from monetary claims for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Likewise, prosecutors enjoy the same type of immunity for conduct within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Here, the plaintiff expresses great displeasure at the defendants' actions. However, there are no factual allegations suggesting that either the judges or the prosecutor were acting beyond the scope of their judicial or prosecutorial duties. Thus, the defendants are absolutely immune from any liability for damages.

Because the defendants are cloaked with absolute immunity from liability, the plaintiff has failed to state a claim against the defendants for which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate Order will be entered.

							_____
							Robert L. Echols
							United States District Judge